## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

WOLFGANG PUCK AND
BARBARA LAZAROFF,

      Plaintiffs/Judgment Creditors,

v.

SYDNEY SILVERMAN, W.P.
APPLIANCES, INC. AND W.P.
PRODUCTIONS, INC.,

      Defendants/Judgment Debtors/
      Transferors,

and

MARIAM SILVERMAN,

      Defendant/Transferee.

_____ /

## **COMPLAINT**

      Plaintiffs/Judgment Creditors, Wolfgang Puck and Barbara Lazaroff (collectively, the "Judgment Creditors"), by and through undersigned counsel, hereby files this cause of action against Sydney Silverman, W.P. Appliances, Inc. and W.P. Productions, Inc. (together, the "W.P. Entities," and collectively with Mr.

1

**BlackSrebnick**
CIVIL | CRIMINAL

Silverman, "Judgment Debtors") and Mariam Silverman (the "Transferee") and allege as follows:

## JURISDICTION, PARTIES, AND VENUE

1.      Plaintiffs/Judgment Creditors Wolfgang Puck and Barbara Lazaroff are residents of California.

2.      Defendant/Judgment Debtor Sydney Silverman is a resident of Florida and was the previous registered owner and sole president of W.P. Productions, Inc. and W.P. Appliances, Inc.

3.      Defendant/Judgment Debtor W.P. Productions, Inc. is a former for-profit Florida corporation that had its principal place of business at 2475 Hollywood Boulevard Hollywood, FL 33020.

4.      Defendant/Judgment Debtor W.P. Appliances, Inc. is a former for-profit Florida corporation that had its principal place of business at 2475 Hollywood Boulevard Hollywood, FL 33020.

5.      Defendant/Transferee Mariam Silverman is a resident of Florida and is married to Sydney Silverman.

6.      This Court has subject matter jurisdiction over this matter pursuant to 18 U.S.C. § 1332(a)(1) in that this is a civil action for damages in excess of

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

$75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

7.      Defendants Sydney and Mariam Silverman are subject to personal jurisdiction in Florida, because they are citizens of Florida. The W.P. Entities are subject to personal jurisdiction in Florida, because they were Florida companies that conducted regular business in Florida. Further, the Defendants committed the acts at issue in this action in Florida.

8.      Venue is proper, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim occurred in this district, and Defendants are residents of the State of Florida.

## FACTUAL BACKGROUND

9.      This case involves a campaign of fraudulent transfers and asset concealment employed by Defendants Sydney Silverman and his wife, Mariam Silverman, with the intent to hinder, delay, and defraud Judgment Debtors' creditors, specifically Judgment Creditors Wolfgang Puck and Barbara Lazaroff.

3

**BlackSrebnick**

CIVIL | CRIMINAL

### *The Arbitration Proceeding*

10.     In October 2017, Judgment Creditors initiated arbitration proceedings in California against the W.P. Entities for breach of a product licensing agreement (the "PLA").

11.     Judgment Debtor Silverman was the president and sole shareholder of the W.P. Entities and signed the PLA and all amendments thereto.

12.     The issue in the arbitration was whether the W.P. Entities and Judgment Debtor failed to report and pay millions of dollars in royalties to Judgment Creditors. The arbitrator found that they did.

13.     In May 2018, the arbitrator entered an award against the W.P. Entities in the amount of $2,430,850.89.

14.     The arbitration award was thereafter entered as a final judgment of the California Superior Court on July 25, 2018 (the "July 2018 Final Judgment"), and Judgment Creditors were awarded attorneys' fees and costs to be determined in a post-judgment motion. [1]

---

[1] On November 8, 2018, the California Superior Court amended the July 2018 Final Judgment to include additional interest, attorneys' fees and cost, bringing the total amount of the judgment to $2,483,838.95.

4



15.     Judgment Creditors complied with the Florida Enforcement of Foreign Judgments Act ("FEFJA"), Fla. Stat. §§ 55.501-55.509, and registered the July 2018 Final Judgment as a final judgment in Florida on October 26, 2018.

16.     Accordingly, Judgment Creditors proceeded to engage in collection efforts against the W.P. Entities in Case No. 18-028450 (the "First Enforcement Proceeding").

17.     On October 17, 2018, the Judgment Creditors filed a motion to amend the July 2018 Final Judgment to add Sydney Silverman as a personally liable judgment debtor because Silverman was the alter ego of the W.P. Entities.

### *Judgment Debtor Silverman opened a bank account as tenants by the entireties with his wife to prevent Judgment Creditors from collecting on the judgment*

18.     On October 25, 2018, only eight days after Judgment Creditors filed their motion to add Mr. Silverman as a judgment debtor, he opened a joint bank account ending in XXXX3554 at Valley National Bank (the "Joint Account") with his wife, Mariam Silverman, the Transferee, as tenants by the entirety.

19.     Judgment Debtor Silverman then immediately began moving assets from his personal accounts to the Joint Account to conceal his assets and prevent Judgment Creditors from collecting on the July 2018 Final Judgment.

5

**BlackSrebnick**

CIVIL | CRIMINAL

*The 2018 Deposit Transfers*

20.     Specifically, on November 14, 2018, Mr. Silverman deposited four checks totaling $533,713.74 into the Joint Account. All four checks were drawn from Mr. Silverman's other personal accounts: (1) A check dated November 7, 2018, in the amount of $202,713.74 drawn from "Sydney Silverman Revocable Living Trust" at Valley National Bank; (2) A check dated November 7, 2018, in the amount of $31,000.00 drawn from "Sydney Silverman 4TH Amended Restated Trust Agreement" at JPMorgan; (3) A check dated November 7, 2018, in the amount of $100,000.00 drawn from a personal account under "Sydney Silverman" at Northern Trust bank; and (4) A check also dated November 7, 2018, in the amount of $200,000.00 drawn from "Sydney Silverman Amended and Restated Revocable Trust Agreement DTD 11/18/09" at Marquis Bank.

21.     On November 19, 2018, Mr. Silverman continued moving assets into the Joint Account in an effort to hinder, delay, and defraud Judgment Creditors, by depositing a check dated November 13, 2018, totaling $17,495.00 drawn from "Sisco Financial Services, Inc." into the account. Sisco Financial Services was a Florida for-profit corporation of which Mr. Silverman was the sole shareholder and registered agent.

**BlackSrebnick**

CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

22.     On December 10, 2018, Mr. Silverman deposited another five checks from his personal and business accounts to protect his assets from collection by Judgment Creditors. Specifically, this deposit totaling $89,631.10 included: (1) A check dated December 4, 2018, in the amount of $37,793.10 drawn from a personal account under "Sydney Silverman" at City National Bank; (2) A check dated December 4, 2018, in the amount of $41,622.00 drawn from an account under "Sydney Silverman" at Northern Trust; (3) A check dated December 3, 2018, in the amount of $5,000.00 drawn from an account under "W.P. Productions, Inc." at Wells Fargo Bank, NA; (4) A check dated December 3, 2018, in the amount of $5,000.00 drawn from an account under "W.P. Appliances, Inc." at Wells Fargo Bank, NA; and (5) A check also dated December 3, 2018, in the amount of $216.00 drawn from an account under "W.P. Productions, Inc." at Wells Fargo Bank, NA.

23.     The deposits made by Sydney Silverman into the Joint Account on November 14, November 19, and December 10, 2018, totaled $640,839.84 (the "2018 Deposit Transfers").

### *Mr. Silverman is made personally liable on the July 2018 Final Judgment*

24.     Only a few months later, on May 17, 2019, the California court granted Judgment Creditor's motion and added Sydney Silverman as a personally liable

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

judgment debtor on the Final Judgment and found that Mr. Silverman was the alter ego of the W.P. Entities (the "May 2019 Amended Judgment").

25.     On August 16, 2019, the May 2019 Amended Judgment adding Mr. Silverman as a personally liable alter ego was adopted by Judge Carol-Lisa Phillips and recorded as a domesticated Florida judgment.

26.     Judgment Creditors continued their collection efforts against Mr. Silverman and Mr. Silverman eventually paid a portion of the July 2018 Final Judgment on October 25, 2019, but failed to pay a remaining $70,594.57 in interest.

### *Mr. Silverman transferred his interest in JRK Property Holdings, Inc. to his wife Mariam Silverman for no consideration*

27.     Upon information and belief, in or around the opening of the Joint Account at the end of 2018 or the beginning of 2019, Mr. Silverman transferred his entire interest in JRK Property Holdings, Inc. ("JRK"), to his wife, Transferee Mariam Silverman, for no consideration or value in return (the "JRK Transfer").

28.     JRK is a for-profit close corporation registered in the state of California. JRK is a real estate investment company.

29.     As of January 24, 2012, Mr. Silverman's interest in JRK was valued at $2.5 million.

8

**BlackSrebnick**

CIVIL | CRIMINAL

30.     After the JRK Transfer, distributions from JRK were deposited directly into the Joint Account, including a wire transfer received from JRK on February 5, 2020, in the amount of $180,093.50 (the "JRK Disbursements").

### *Judgment Creditors were awarded attorneys' fees and costs by the California court for Silverman's failure to pay interest*

31.     Because Mr. Silverman consistently delayed, obstructed, and otherwise failed to satisfy the full amount of the judgment, on January 7, 2020, Judgment Creditors filed a motion for attorneys' fees and costs in California to recover for expenses incurred in enforcing the 2018 Final Judgment.

32.     On February 26, 2020, the Superior Court of the State of California for the County of Los Angeles granted Judgment Creditors' motion and entered another amended final judgment (the "2020 Final Judgment") awarding costs and attorneys' fees to the Judgment Creditors in the amount of $235,948.25, pursuant to California Code of Civil Procedure § 685.080, which allows for the collection of attorneys' fees incurred in attempting to collect on a judgment, and agreed that $70,594 in interest remained outstanding and that the judgment had only been partially satisfied.

33.     Judgment Creditors duly complied with the FEFJA and recorded the 2020 Final Judgment on February 25, 2021, in Florida, and continued their collection efforts.

9



34.     For example, Judgment Creditors also served a writ of garnishment on Valley National Bank on April 11, 2022, and the bank filed an amended answer to the writ on May 18, 2022.

35.     Judgment Creditors deposed Mariam Silverman on May 5, 2022 in connection with the writ of garnishment.

36.     Judgment Creditors also sought documents from Valley National Bank regarding the Joint Account, which were produced on June 10, 2022.

***More obstruction efforts by Mr. Silverman: The Safe Deposit Box Concealment***

37.     After Judgment Creditors moved to obtain attorneys' fees and costs for their enforcement efforts, Judgment Debtor Silverman again began moving his assets into the Joint Account to obstruct Judgment Creditors' collection efforts.

38.     Specifically, only a month after the Judgment Creditors filed their motion in California for attorneys' fees and costs, and only days before the California court's ruling on that motion, Mr. Silverman opened a safe deposit box (No. XXXX0034) at Valley National Bank on February 13, 2020. Valley National Bank took the position that the safe deposit box appeared to be held as tenants by the entirety.

39.     Both Mr. and Mrs. Silverman are lessee's of the safe deposit box, and two keys were issued with the opening of the box.

10

**BlackSrebnick**
CIVIL | CRIMINAL

40.     However, during her deposition Mrs. Silverman testified that none of her own property is in the safe deposit box.

41.     Upon information and belief, Mr. Silverman is using this safe deposit box to conceal valuable assets from Judgment Creditors (the "Safe Deposit Box Concealment").

**The Hollywood Office Building Sale and subsequent transfer to Mrs. Silverman**

42.     Judgment Debtor Silverman also transferred profit from the sale of an office building owned by his company, Hollywood Boulevard Offices, LLC, for which Sydney Silverman was the sole shareholder and registered agent, to his wife Mariam Silverman for no consideration or value in return.

43.     Hollywood Boulevard Offices, LLC was registered in Florida in June 2012 by Sydney Silverman.

44.     On July 16, 2012, Hollywood Boulevard Offices purchased a commercial office building located at 2475 Hollywood Blvd Hollywood, FL 33020, for $650,000.00 (the "Hollywood Office Building"). This was the principal place of business for the W.P. Entities, for which Mr. Silverman was also the sole shareholder and registered agent.

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

45.    On September 1, 2020, only months after the 2020 Final Judgment awarding Judgment Creditors costs and attorneys' fees, Sydney Silverman's company sold the Hollywood Office Building for $1.9 million.

46.    There was a line of credit on the Hollywood Office Building.

47.    On December 30, 2020, Mariam Silverman received $600,000.00 in connection with the sale of the Hollywood Office Building, which, upon information and belief, constituted the total amount of profit made by Hollywood Boulevard Offices in the sale of the Hollywood Office Building.

48.    The $600,000.00 transfer came from the Joint Account and was deposited in Mariam Silverman's personal account at Professional Bank.

### *Judgment Debtor Silverman's financial posture*

49.    In 2019, Judgment Debtor Silverman filed a joint tax return showing a taxable income of $0 and an adjusted gross income of $758,589.

50.    In 2020, Judgment Debtor Silverman filed a joint tax return showing taxable income of $289,823.00, and an adjusted gross income of $337,101.

51.    As of December 17, 2021, Judgment Debtor Silverman disclosed that his total assets and personal income was approximately $155,989.00.

52.    Since February 2020, Judgment Debtor Silverman is personally liable for a judgment against him in excess of $306,542.82, plus the total amount of

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

attorneys' fees and costs further expended by Judgment Creditors in enforcing and collecting on the July 2018 and February 2020 Final Judgments.

**COUNT I**
**Fla. Stat. § 726.105(1)(a)**
**(The 2018 Deposit Transfers)**

53.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

54.     Each of the transfers described in Paragraphs 18 through 23 titled the "2018 Deposit Transfers" were made by, for, and/or with the acquiescence of Sydney Silverman with actual intent to hinder, delay, or defraud Judgment Creditors.

55.     With respect to each of the 2018 Deposit Transfers, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

a.     The transfer was to an insider;

b.     The debtor retained possession and control of the property transferred after the transfer;

c.     Before the transfer was made, the debtor had already been sued and there was a motion pending to make him a personally liable judgment debtor;

d.     The transfer was of a substantial amount of the debtor's assets;

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

e.      The debtor was actively removing and concealing his assets; and

f.      The transfer occurred immediately before a substantial debt was personally incurred.

## COUNT II
### Fla. Stat. § 726.105(1)(a)
### (The JRK Property Holdings Transfer)

56.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

57.     Judgment Debtor Silverman transferred his ownership interest in JRK Property Holdings, Inc. to Transferee Mariam Silverman, as described in Paragraphs 27 through 29, with actual intent to hinder, delay, and defraud Judgment Creditors.

58.     With respect to the JRK Transfer, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

a.      The transfer was to an insider;

b.      The debtor retained possession and control of the property transferred after the transfer;

c.      The transfer was concealed;

d.      Before the transfer was made, the debtor had already been sued;

e.      The transfer was of a substantial amount of the debtor's assets; and

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

f.    The transfer occurred right around the time a substantial debt was incurred by the debtor.

**COUNT III**
**Fla. Stat. § 726.105(1)(b)(2)**
**(The JRK Property Holdings Transfer)**

59.    Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

60.    Judgment Debtor Silverman transferred his ownership interest in JRK Property Holdings to Transferee Mariam Silverman, as described in Paragraphs 27 through 29, without receiving a reasonably equivalent value in exchange for the transfer and, at the time of such transfer, Mr. Silverman believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

**COUNT IV**
**Fla. Stat. § 726.105(1)(a)**
**(The Safe Deposit Box Concealment)**

61.    Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

62.    Any transfers of property into the safe deposit box (No. XXXX0034), as described in Paragraphs 37 through 41, were made by, for, and/or with the

15

**BlackSrebnick**
CIVIL | CRIMINAL

acquiescence of Sydney Silverman with actual intent to hinder, delay, or defraud Judgment Creditors.

63.     With respect to the Safe Deposit Box Concealment, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

a.     The transfer was to an insider;

b.     The debtor retained possession and control of the property transferred after the transfer;

c.     The transfer was concealed;

d.     Before the transfer was made, the debtor had already been sued;

e.     The debtor was actively removing and concealing his assets; and

f.     The transfer occurred immediately after a substantial debt was personally incurred.

<u>**COUNT V**</u>
**Fla. Stat. § 726.105(1)(a)**
**(The JRK Property Holdings Disbursements)**

64.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

65.     The JRK Property Holdings Disbursements, made by way of wire transfer to the Joint Account in the amount of $180,093.50 on February 5, 2020, and

16

any other transfers or deposits from JRK to the Joint Account between 2018 to the present, as described in Paragraph 30, were made by, for, and/or with the acquiescence of Sydney Silverman with actual intent to hinder, delay, or defraud Judgment Creditors.

66.     With respect to the JRK Property Holdings Disbursements, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

a.     The transfer was to an insider;

b.     The debtor retained possession and control of the property transferred after the transfer;

c.     The transfer was concealed;

d.     Before the transfer was made, the debtor had already been sued;

e.     The debtor was actively removing and concealing his assets; and

f.     The transfer occurred immediately after a substantial debt was personally incurred and immediately before further debt was incurred.

### COUNT VI
**Fla. Stat. § 726.105(1)(a)**
**(The Hollywood Office Building Sale)**

67.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

17

**BlackSrebnick**
CIVIL | CRIMINAL

68.     Sydney Silverman transferred $600,000.00 in profit made from the sale of the Hollywood Office Building, located at 2475 Hollywood Blvd Hollywood, FL 33020, to Transferee Mariam Silverman, as described in Paragraphs 42 through 48, with actual intent to hinder, delay, and defraud Judgment Creditors.

69.     With respect to the Hollywood Office Building Sale, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

a.     The transfer was to an insider;

b.     The debtor retained possession and control of the property transferred after the transfer;

c.     The transfer was concealed;

d.     Before the transfer was made, the debtor had already been sued;

e.     The transfer was of substantially all of the debtor's assets;

f.     The debtor was actively removing and concealing his assets; and

**g.**     The transfer occurred immediately after a substantial debt was personally incurred.

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

## COUNT VII
### Fla. Stat. § 726.105(1)(b)(2)
### (The Hollywood Office Building Sale)

70.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

71.     Sydney Silverman transferred $600,000.00 in profit made from the sale of the Hollywood Office Building, located at 2475 Hollywood Blvd Hollywood, FL 33020, to Transferee Mariam Silverman, as described in Paragraphs 42 through 48, without receiving a reasonably equivalent value in exchange for the transfer and, at the time of such transfer, Mr. Silverman believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

## COUNT VIII
### Fla. Stat. § 726.106(1)
### (The Hollywood Office Building Sale)

72.     Judgment Creditors repeat and reallege each allegation in Paragraphs 1 through 52 as if fully set forth herein and further allege:

73.     Sydney Silverman transferred $600,000.00 of profit made from the sale of the Hollywood Office Building, located at 2475 Hollywood Blvd Hollywood, FL 33020, to Transferee Mariam Silverman, as described in Paragraphs 42 through 48, without receiving a reasonably equivalent value in exchange for the transfer and Judgment Debtor Silverman became insolvent as a result of the transfer.

19

74.     The claim by Judgment Creditors against Judgment Debtor Silverman arose before the transfer of the Hollywood Office Building Sale.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs/Judgment Creditors hereby petition this Court for an order providing for the following relief:

A.      Pursuant to Fla. Stat. § 726.108(1)(a), the avoidance of the fraudulent transfers described above to the extent necessary to satisfy the July 2018 and February 2020 Final Judgments entered against Sydney Silverman and the W.P. Entities.

B.      Pursuant to Fla. Stat. § 726.108(1)(b), the attachment or other provisional remedy against the fraudulently transferred assets to Transferee to the extent necessary to satisfy the July 2018 and February 2020 Final Judgments entered against Sydney Silverman and the W.P. Entities.

C.      Pursuant to Fla. Stat. § 726.108(1)(c)(1), an injunction against further disposition of property or assets by Judgment Debtor Silverman and Transferee Mariam Silverman.

D.      Pursuant to Fla. Stat. § 726.108(1)(c)(2), an appointment of a receiver to take charge of: (1) the Safe Deposit Box (No. XXXX0034) located at Valley

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

National Bank; (2) the JRK Property Holdings Transfer; and (3) current and future disbursements from JRK Property Holdings.

E.    Pursuant to Fla. Stat. § 726.109(2) and (3), a money judgment against Transferee Mariam Silverman in an amount equal to the value of all assets fraudulently transferred to Mariam Silverman by Sydney Silverman as described above to the extent necessary to satisfy the July 2018 and February 2020 Final Judgments entered against Sydney Silverman and the W.P. Entities.

F.    Pursuant to the PLA and applicable law, attorneys' fees and costs incurred in this action and in pursuit of enforcing the California judgment.

G.    Pursuant to Fla. Stat. § 726.108(1)(c)(3), any other relief these circumstances may require.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

**BlackSrebnick**

CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

Dated: December 15, 2022

Respectfully submitted,

**BLACK SREBNICK, P.A.**

201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel: (305) 371-6421
Fax: (305) 371-6322

By: /s/ *Jared Lopez*
       Jared Lopez, Esq.
       Florida Bar No. 103616
       Jeanelle Gomez, Esq.
       Florida Bar No. 1026021
       Zaharah R. Markoe, Esq.
       Florida Bar No. 504734
       JLopez@royblack.com
       Zmarkoe@royblack.com
       JGomez@royblack.com
       civilpleadings@royblack.com

*Counsel for Plaintiffs/Judgment Creditors*
*Wolfgang Puck and Barbara Lazaroff*

22

**BlackSrebnick**

CIVIL | CRIMINAL