UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22-cv-24078-KMM/LFL

WOLFGANG PUCK and BARBARA LAZAROFF,

    Plaintiffs/Judgment Creditors,

v.

SYDNEY SILVERMAN, W.P. APPLIANCES, INC. and W.P. PRODUCTIONS, INC.,

    Defendant/Judgment Debtors/Transferors.

and

MARIAM SILVERMAN,

    Defendant/Transferee

_____/

**DEFENDANTS', MARIAM SILVERMAN'S AND SYDNEY SILVERMANS', JOINT MOTION FOR SANCTIONS FOR FEES AND COSTS AND DISMISSAL OF CLAIMS DUE TO NAMED PLAINTIFFS' (1) FAILURE TO COMPLY WITH ORDER OF REFERRAL TO MEDIATION [DE 47], (2) VIOLATION OF FRCP 16 AND (3) SD LR 16.2 AND/OR, ALTERNATIVELY MOTION TO COMPEL MEDIATION**

    Defendants, MARIAM, SILVERMAN and SYDNEY SILVERMAN, pursuant to Rules 16 and 41(b), SD Fla. LR 16.2 and this Court's Order of Referral to Mediation [DE 47], move for sanctions against the Named Plaintiffs for: (1) failure to comply with this Court's Order of Referral to Mediation [DE 47], (2) Rule 16, and (3) SD Fla. Local Rule 16.2 and to compel mediation attendance by Named Plaintiffs in-person, and in support thereof states the following:

1

## I.     BACKGROUND

1. On December 15, 2022, Plaintiffs sued MARIAM SILVERMAN, who has no judgment against her, claiming that she was party to fraudulent conveyances or secreting assets. [DE 1-Counts I-VIII] They also named SYDNEY SILVERMAN as a defendant even though he was an alleged transferor, not transferee. SYDNEY SILVERMAN counterclaimed for declaratory relief.

2. On March 20, 2023, the Court entered its Order of Referral to Mediation, which orders, in pertinent part that:

- The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory [DE 47 ¶4]

- The Court **may impose sanctions** against parties and/or counsel who do not comply with the attendance or settlement authority requirements wherein, or who otherwise **violate** the terms of this **Order** [DE 47 ¶7] (emphasis added)

- The mediation shall take place in person absent good cause shown by the parties [DE47 ¶4]

3. On April 5, 2023 [DE55], Plaintiffs sought to shorten discovery and expedite it to "move the case along" for which the Parties appeared before Mag. Lewis who denied that request.

4. On or about May 5, 2023, the Parties agreed to Mediator, Karen Evans-Putney, Esq. and a Notice of Mediation was filed thereafter with today as the mediation date. [DE 68]

5. On June 16, 2023, the undersigned confirmed with the mediator and copied all parties, including the Named Plaintiffs' counsel that the mediation was "in-person." *See* Exhibit "A".

6. At no point did the Named Plaintiffs' counsel request that a "party representative" appear in lieu of the Named Plaintiffs.

7. Today, MARIAM SILVERMAN and Defendant, SYDNEY SILVERMAN, attended Mediation as scheduled and on time.

8. Today, the Named Plaintiffs did not appear at mediation, but rather sent someone whom was never disclosed beforehand and who is *not* a Named Plaintiff to the Mediation, named Michael Lubitz, who is listed as the CFO of Wolfgang Puck Worldwide, Inc. that is *not* a Named Plaintiff.

9. Mediation did not occur due to the Named Plaintiffs' failure to appear and attend the in-person Mediation.

10. As a result of the Named Plaintiffs' failure to comply with the above-Rules and this Court's Order, MARIAM SILVERMAN has incurred fees and costs in connection with their non-compliance and intentional disregard of the Rules and Court's Order.

## II.   ARGUMENT

**A. The Named Plaintiffs are Required to Appear at Mediation In-Person and not Via an Undisclosed and Unagreed-to "Representative."**

The Named Plaintiffs who instituted this lawsuit are individuals and *not* corporate entities as set forth in the Complaint [DE1] and Amended Complaint (just filed on June 12, 2023) [DE84]. Accordingly, the Named Plaintiffs must appear in-person for the mediation scheduled pursuant to Court Order and noticed for the past 47 days. The Named Plaintiffs failed to personally appear at today's Mediation violating the Rules and Order. Rather, two of the Named Plaintiffs' attorneys, Jared Lopez and Zaharah Markoe, appeared along with a person named Michael Lubitz, who was identified as the CFO a business with which Mr. Puck is affiliated

SD Fla. LR 16.2(e) provides that:

> **Party Participation Required.** Unless excused in writing by the Court, all parties and required claims professionals (e.g., insurance adjusters) must participate in the mediation conference with full authority to negotiate a settlement as follows: . . . (ii) if the mediation is being conducted in person, participation requires attending the mediation conference in person (i.e., <u>in person if the party is a natural person, not through an agent</u>; or if the party is an entity, by the personal attendance of an entity representative).. . [**and**] Failure to comply with the participation or settlement authority requirements may subject a party to sanctions by the Court.  (emphasis added)

The rule is explicit that natural persons may not "appear" through an agent.  Further to that, this Court's Order of Referral of Mediation [DE 47] requires "The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory [DE 47 ¶4]. . . The mediation shall take place in person absent good cause shown by the parties [DE47 ¶4]

**B. Sanctions Should be Levied Against the Named Plaintiffs for Their Failure to Abide by the Rules, Local Rules and this Court's Order in the form of an Award of Fees, Cost and Dismissal of their Claims.**

The Named Plaintiffs have sought to expedite this case, including discovery.[1]  [DE 55]  Thus, their actions today with thwarting the Rules and Order belies such a claimed urgency.  Rule 16 provides that the Court may issue sanctions "if a party or its attorney: . . . fails to obey a scheduling or other pretrial order."  *See* Rule 16(f)(1)(C).  In addition to that, this Court's Order [DE 47] provides that "The Court **may impose sanctions** against parties and/or counsel who do not comply with the attendance or settlement authority requirements wherein, or who otherwise **violate** the terms of this **Order** [DE 47 ¶7] (emphasis added)   Rule 41(b) provides that an

---

[1] Plaintiffs themselves have been slow to comply with discovery; they have not yet verified interrogatory answers or provided deposition dates.

involuntary dismissal may be entered where "the plaintiff fails to . . . comply with these rules or a court order. . .."

SYDNEY and MARIAM SILVERMAN traveled from Aventura, Florida to attend mediation in downtown Miami and have incurred costs. The undersigned counsel for MARIAM SILVERMAN traveled from Plantation, Florida to attend mediation in downtown Miami and has incurred fees and costs. *Redish v. Blair*, 2015 WL 5190585 (MD Fla. 2015)(court granted motion for fees and costs for counsel who traveled from Gainesville to Orlando to attend mediation). Sanctions in the form of fees and costs incurred by SYDNEY and MARIAM SILVERMAN are wholly warranted. *See Satterfield v. CFI Sales & Marketing, Inc.*, 2011 WL 2020203 (MD Fla. 2011)(Mag. ruled on "Motion for Sanctions Against Certain Named Plaintiffs who Failed to Appear at Mediation" and recommended the sanction of dismissal and fees against named individual plaintiff who failed to attend mediation and the district court so ordered);

The Named Plaintiffs should be subjected to the ultimate sanction of dismissal with prejudice. "A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337-8, 1340 (11th Cir. 2005)(" As we have observed, dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice"); *Milner v. Galardi*, 2021 WL 5037403 (SD Fla. 2021)(district court dismissed three named plaintiffs who failed to appear at mediation and gave excuses of oversleeping or personal reasons); *I'm a Little Teacup Corp. v. Quality Pet Products, LLC*, 2009 WL 259363 (SD Fla. 2009)(court noted that plaintiff had "full notice in the Order of Referral to Mediation that

sanctions, including dismissal, may result from its failure to comply with the Order" and dismissed the lawsuit without prejudice); *Atkinson v. Volusia Cty. Sch. Bd.*, 2016 WL 4943935 (MD Fla. 2016)(dismissal to named plaintiff for failure to appear at mediation and failure to respond to discovery).

### III.   CONCLUSION

For the foregoing reasons, SYDNEY SILVERMAN and MARIAM SILVERMAN, respectfully request this Honorable Court sanction the Named Plaintiffs for their failure to appear at the scheduled mediation on this same date, and award fees and costs any further relief that this Court deems just, proper, and equitable, and/or alternatively compel the Named Plaintiffs' attendance at mediation to occur with the next ten days.

Dated: June 21, 2023         By:   */s/ Gina Cadogan*
                                   GINA MARIE CADOGAN
                                   Fla Bar No: 177350
                                   LAURIE M. WEINSTIEN
                                   Fla Bar No. 86272
                                   Cadogan Law
                                   300 S. Pine Island Road, Suite 107
                                   Plantation, Florida 33324
                                   Telephone: 954.606.5891
                                   Facsimile: 877.464.7316
                                   Email: gina@cadoganlaw.com
                                   Email: laurie@cadoganlaw.com
                                   Email: kathy@cadoganlaw.com
                                   Email: tyler@cadoganlaw.com

                            and

                                   **GRAYROBINSON, P.A.**
                                   *Counsel for Sydney Silverman*
                                   333 S.E. 2nd Avenue, Suite 3200
                                   Miami, Florida 33131
                                   Telephone: (305) 416-6880
                                   Facsimile:  (305) 416-6887
                                    *s/ Christopher N. Johnson*
                                   Christopher N. Johnson
                                   Florida Bar No. 69329
                                   Christopher.Johnson@Gray-Robinson.com
                                   angela.reisino@Gray-Robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Gina Cadogan*
GINA MARIE CADOGAN
Fla Bar No: 177350

## SERVICE LIST
***Wolfgang Puck and Barbara Lazaroff v. Sydney Silverman, W.P. Productions, Inc., W.P. Appliances, Inc. and Mariam Silverman***
**USDC Case No: 1:22-CV-24078-KMM**

Jared M. Lopez, Esq.
Black Srebnick, P.A
201 S. Biscayne Blvd., Ste. 1300
Miami, FL 33131-0000
jlopez@royblack.com
civilpleadings@royblack.com
jgomez@royblack.com
*Counsel for Plaintiffs/Judgment Creditors*
*Wolfgang Puck and Barbara Lazaroff*
*[CM/ECF]*