**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-24078-KMM

WOLFGANG PUCK and BARBARA
LAZAROFF,

      Plaintiffs,

v.

SYDNEY SILVERMAN, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

What began as a Motion for Sanctions for Plaintiffs' failure to appear at mediation has morphed into a protracted and expensive dispute that has distracted the Parties from litigating the merits of this case. Plaintiffs Wolfgang Puck and Barbara Lazaroff sent a representative to stand in their stead at mediation, despite the Court's clear order requiring their personal appearance. Defendants moved for sanctions, a motion that in all likelihood could have been resolved by rescheduling the mediation and, at most, ordering Plaintiffs to compensate Defendants for the costs incurred as a result of Plaintiffs' failure to appear. Plaintiffs opted not to cure the prejudice, caused by their own failure to abide by one court order, but rather chose to repeatedly disregard court order after court order. Remarkably, these Plaintiffs are not appearing here *pro se*, but have counsel who facilitated the contemptuous conduct over these ensuing months. For Plaintiff Lazaroff, there can be no other recommendation than dismissal, in addition to bearing the costs of her conduct. Plaintiff Puck, who finally appeared and explained his conduct at an

1

Order to Show Cause Hearing, should bear the costs his conduct caused Defendants to incur, as well as the cost of the rescheduled mediation.

## I.    BACKGROUND

Defendants' Motion for Sanctions (ECF No. 90) was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and issue a Report and Recommendations. (ECF No. 92). Plaintiffs filed a Response. (ECF No. 101). Defendants did not file a Reply. The Court held an Evidentiary Hearing on Defendant's Motion on July 13, 2023, and a Show Cause Hearing regarding Plaintiffs' failure to attend the Evidentiary Hearing, on August 21, 2023.

### A.    This Action

In October 2017, Plaintiffs initiated arbitration proceedings against Defendants W.P. Appliances, Inc. and W.P. Productions, Inc. (the "W.P. Entities") for breach of a product licensing agreement. (ECF No. 84 at ¶ 10). Defendant Sydney Silverman ("Mr. Silverman") is the president and sole shareholder of the W.P. Entities and signed the product licensing agreement. The arbitration proceedings resulted in the arbitrator entering an award against the W.P. Entities in the amount of $2,430,850.89. (*Id.* at ¶ 13). Plaintiffs moved for the arbitration award to be entered as a final judgment in the California Superior Court in 2018. (*Id.* at ¶ 14). Plaintiffs then registered the California judgment in Florida. (*Id.* at ¶ 15).

Plaintiffs later sought to amend the final judgment in the California Superior Court to add Mr. Silverman to the final judgment against W.P. Entities on the basis that Mr. Silverman is an alter ego of the W.P. Entities. (*Id.* at ¶ 17). The California Superior Court amended the judgment against W.P. Entities to add Mr. Silverman as a judgment debtor, finding that Mr.

Silverman was the alter ego of the W.P. Entities.  (ECF No. 9-3 at 9).

Eight months after Mr. Silverman was added as a judgement debtor, on October 25, 2019, Mr. Silverman wired $2,558,772.43 to Plaintiffs' trust account to satisfy the judgment.  (ECF No. 84 at ¶ 29); (ECF No. 21 at 2).  Plaintiffs assert this payment was short by $70,594.57 in unpaid interest, and thus, did not satisfy the full judgment.  (ECF No. 84 at ¶ 29).

Three months later, in January of 2020, Plaintiffs sought an award of attorney's fees and costs incurred in attempting to enforce the judgment on the remaining unpaid interest.  (ECF No. 84 at ¶ 35).  In February of 2020, the California Superior Court found that the $70,594.57 in unpaid interest remained outstanding as a basis for also determining that the Plaintiffs' motion for attorney's fees was timely filed.  (ECF No. 9-5 at 3, 5).  The California Superior Court then awarded $235,948.25 in costs and attorney's fees to Plaintiffs for efforts made to enforce the judgment in the remaining unpaid interest.  Plaintiffs recorded the ruling in Florida nearly a year later.  (ECF No. 84 at ¶ 37).  Plaintiffs allege these amounts remain unpaid.

Plaintiffs allege that, during their attempts to collect on the judgment, Defendants fraudulently transferred funds and concealed assets to avoid satisfying the final judgment. Plaintiffs filed this suit on December 15, 2022.

### B.    Procedural Background and the Instant Motion for Sanctions

After the initiation of this action, the District Court entered an order referring the Parties to mediation.  (ECF No. 47).  In relevant part, the Order states, "**The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory.**"  (*Id.*) (emphasis in original).  The Order specifies that the mediator shall file a report "indicating whether all required parties were present."  The Order further warns that "[t]he Court may impose sanctions against parties and/or

counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order."

The Parties' mediation was scheduled for June 21, 2023 in Miami, Florida with Karen Evans-Putney, Esq. as the mediator.  On June 22, 2023, Ms. Evans-Putney filed her mediation report, which states the mediation "did not go forward.  The individually-named Plaintiffs/Judgment Creditors were not present."  (ECF No. 91).

Defendants promptly filed the instant Motion for Sanctions.  While Defendants Sydney and Mariam Silverman appeared personally at the mediation, Plaintiffs Wolfgang Puck and Barbara Lazaroff did not.  Instead, Michael Lubitz attended the mediation; Plaintiffs represent Mr. Lubitz is the Chief Financial Officer of Wolfgang Puck Worldwide, Inc. ("WPW").  WPW is not a party in this case.  Plaintiffs have since proffered that WPW is the assignee of the royalties generated under the product licensing agreement from the underlying California case. Plaintiffs assert that Mr. Lubitz was sent with "full authority" to negotiate settlement in this case.

On June 26, 2023, after referral of the Motion from the Honorable K. Michael Moore, the undersigned set an evidentiary hearing for July 13, 2023.  (ECF No. 97).  In setting the Evidentiary Hearing, the undersigned ordered that "Plaintiffs shall appear in person with counsel at the Evidentiary Hearing and shall be prepared to give testimony if appropriate."  (*Id.*).

A week later, Plaintiffs moved for relief from the requirement that either of them appear in person at the Evidentiary Hearing on the Motion for Sanctions.  (ECF No. 99 at 1).  Plaintiffs argued in their Expedited Motion that no evidentiary hearing was warranted because Plaintiffs saw no factual disputes that needed resolution; according to Plaintiffs, they complied with the Court's order by sending Mr. Lubitz to the mediation.  Plaintiffs further asserted that Defendants were the ones who "refused to participate in the mediation and walked out."  (*Id.* at 2).  Plaintiffs

contended that the Order setting the Evidentiary Hearing was "unfortunately impractical and unreasonable" because Plaintiff Puck was out of the country on a pre-planned business trip and would not return to the United States until August 3, 2023. (*Id.* at 4). Plaintiffs represented that, after returning to the United States, Plaintiff Puck had "a number of business obligations, but if required, *could* attend an evidentiary hearing in person on August 28, 2023." (*Id.* at 2) (emphasis added). Plaintiff Lazaroff offered no reason why she could not attend, but reported that she "resides in Los Angeles," and thus would be required to "fly across the country from Los Angeles for the hearing." (*Id.* at 4). Plaintiffs sought expedited relief, within seven days, so that Plaintiffs would have "sufficient time to determine how to best proceed" for the July 13, 2023 Evidentiary Hearing.

Plaintiffs' counsel Jared Lopez, Esq. attached a declaration to the Motion, within which Mr. Lopez stated that he read the District Court's Order to mean a representative of a party attending the mediation was sufficient to comply with the District Court's Order. He further stated that, "As a result of my reading, I advised Mr. Wolfgang Puck and Ms. Barbara Lazaroff that they could attend the mediation in person, or they could send a representative with full settlement authority." (ECF No. 99-4 at ¶ 6).

The undersigned denied Plaintiffs' Motion by Paperless Order.

On July 5, 2023, Plaintiffs responded to Defendants' Motion and in responding, moved for cross-sanctions against Defendants for failing to obey the District Court's Order. Plaintiffs assert that the sole reason the mediation did not occur was "Defendants Sydney and Mariam Silverman's refusal to participate." (ECF No. 101 at 2).

On July 11, 2023, Plaintiffs renewed their Motion to reschedule the Evidentiary Hearing or appear virtually. Plaintiffs represented that new facts had arisen since the undersigned's

denial, particularly, the District Court's extension of the pretrial schedule.  Plaintiffs represented that Plaintiff Puck could not attend because he was contractually obligated under a Restaurant Licensing and Consulting Agreement to be in Turkey between July 14 and July 16, 2023. Plaintiff Puck represented that, factoring in the 12-hour flight and 7-hour time difference, he would be unable to depart from the Evidentiary Hearing and make it to Turkey in time.  Plaintiffs further represented that Plaintiff Lazaroff had scheduled a doctor's appointment many weeks ago for a serious medical issue and "[i]t was quite difficult to obtain an appointment with this doctor due to his schedule."  (ECF No. 108-1 at ¶ 4).

The undersigned construed the motion as a motion for reconsideration.  The undersigned found that Plaintiffs did not identify any change in controlling law, any new evidence, or any need to correct clear error or prevent manifest injustice.  The undersigned found that Plaintiff Puck's representations regarding his international contractual obligations and travel, and Plaintiff Barbara Lazaroff's prior scheduled medical appointment, were both known to Plaintiffs at the time Plaintiffs first requested a continuance.  The only new "evidence" Plaintiffs presented was the District Court's continuance of the trial date and all related discovery dates by three months. The undersigned found, however, that the availability of additional time to litigate did not constitute extraordinary circumstances warranting "an eleventh hour continuance of a hearing scheduled weeks ago."  (ECF No. 109).  Accordingly, the undersigned denied the Motion.

The undersigned held the Evidentiary Hearing on July 13, 2023.  Plaintiffs Puck and Lazaroff were notably absent.  At the start of the hearing, Plaintiffs' counsel, Jared Lopez, Esq., renewed Plaintiffs' Motion to continue the hearing for a third time, which the undersigned denied.

At the hearing, Mr. Lopez testified that he interpreted the language of the District Court's

Order to allow for a party representative to appear at the mediation on behalf of the Parties. He testified that Plaintiffs did not appear at the mediation based on his advice that they had received rather than Plaintiffs' election not to attend mediation. During oral argument, Mr. Lopez later stated that Robert Chapman, Esq.,[1] had been the one to ask Mr. Lopez if there was an option for Plaintiffs not to come to the mediation and Mr. Lopez responded that, under the language of the Order, there was an option for them not to attend.

Mr. Lopez testified that he appeared at the mediation with a colleague and Mr. Lubitz.

Mr. Lopez testified that Local Rule 16.2(e) required Plaintiffs to appear personally unless a court order expressly provided otherwise. Mr. Lopez testified that he believed the District Court's Order did expressly supersede the Local Rules by referring to "representatives" attending mediation because there are no corporations in the instant case. Mr. Lopez acknowledged that it was unusual for individual parties to be excused from personally attending mediation.

Though Mr. Lopez testified that he had advised Plaintiffs of their option to send a representative,[2] he clarified at the Evidentiary Hearing that he has never personally spoken to Plaintiffs. Rather, all advice he might have had for Plaintiffs he had communicated through California attorney Chapman. Mr. Lopez acknowledged that he was not privy to the conversations Mr. Chapman had with Plaintiffs. Nor did Mr. Lopez confirm with Plaintiffs that Mr. Lubitz in fact had full settlement authority, despite his attestation asserting that Plaintiffs had done so.[3] If the need had arisen to contact Plaintiffs during mediation, Mr. Lopez could not have called them himself but believed Mr. Lubitz would have been able to. Mr. Lopez acknowledged that he did not even speak to Plaintiffs personally about attending the Evidentiary Hearing, as Mr. Chapman is the relationship manager for Plaintiffs.

---

[1] Mr. Chapman has appeared *pro hac vice* in this matter and has been identified as Plaintiffs' counsel in California.
[2] *See* (ECF No. 99-4 at ¶ 6); (ECF No. 101-4 at ¶ 6).
[3] *See* (ECF No. 101-4 at ¶ 8).

On July 28, 2023, the undersigned ordered Plaintiffs to show cause why sanctions should not be entered against Plaintiffs, including, but not limited to, dismissal of this case with prejudice for their failure to appear at the Evidentiary Hearing as commanded. The undersigned set a Show Cause Hearing for August 21, 2023.

On August 17, 2023, four days before the Show Cause Hearing, on behalf of Plaintiff Barbara Lazaroff, counsel filed a notice of her declaration of intention not to appear as ordered. Plaintiff Lazaroff declared that she had been planning a celebration of her 70th birthday for "quite some time." (ECF No. 117-1 at ¶ 3). Indeed, on July 11, 2023—two days *before* the first Evidentiary Hearing on the Motion—Plaintiff Lazaroff purchased a round trip plane ticket to Europe for that celebration and would not be returning to the United States until September 1, 2023.

Plaintiff Wolfgang Puck appeared and testified at the Show Cause Hearing. He testified—several times in identical language—that it was his understanding that he did not have to appear. Puck testified that it was Mr. Chapman who gave him that advice, which he believed was conveyed from local counsel in Florida. Asked directly why he did not come to mediation, Puck answered more candidly that it was because he was busy and Mr. Lubitz offered to go for him. Plaintiff Puck offered various explanations for his failure to appear at the Evidentiary Hearing, ranging from his belief that because he did not have to go to mediation he similarly did not need to attend the hearing; alternatively, he denied any memory that the attorney told him he was required to attend the Evidentiary Hearing; but any way around it, he was busy on that date. Puck testified that he was contractually required to make a personal appearance at one of the restaurants he manages in Turkey. Puck admitted on cross examination that he sets the dates on which he appears at the restaurant and he had the ability to change the date of his appearance, but

just "not easily."

## II.    DISCUSSION

Defendants move for sanctions because of Plaintiffs' failure to appear at the mediation scheduled in this case on June 21, 2023.  Defendants request that Plaintiffs' claims be dismissed with prejudice, that Defendants be reimbursed for fees and costs incurred, and that, in the alternative, Plaintiffs be compelled to attend mediation.

Plaintiffs argue that the sole reason the mediation did not occur was "Defendants Sydney and Mariam Silverman's refusal to participate."  (ECF No. 101 at 2).  Plaintiffs assert that Defendants' refusal "to even attempt to mediate shows bad faith."  (*Id.*).  In responding to Defendants' Motion, Plaintiffs cross-moved for sanctions.  Plaintiffs argued that Defendants were the ones to disobey the District Court's Order by leaving after fifteen minutes into the mediation.  Plaintiffs argued that sanctions are not only not warranted against Plaintiffs, but "[v]irtually [m]andatory" against Defendants and, as such, Plaintiffs should be compensated for the cost of flying Mr. Lubitz from Las Vegas to Miami, his hotel costs, and incidental costs.

It is not disputed that Plaintiffs failed to appear at the scheduled mediation on June 21, 2023, or at this Court's Evidentiary Hearing on July 13, 2023.  Plaintiff Lazaroff additionally did not appear at the Show Cause Hearing on August 21, 2023.  Plaintiffs blame their failure to appear at the mediation on Plaintiffs' counsel's reading of the District Court's Order of referral to mediation.  The Court will first address whether Plaintiffs violated the District Court Order by failing to personally appear at the court ordered mediation before addressing whether Plaintiffs' failure to attend mediation and violations of this Court's other Orders warrants sanctions and, if so, what sanctions are appropriate.

A.      **District Court's Order to Mediate**

Before considering whether to impose sanctions for the violation of a court order, a district court must first find that the order was violated.  *See Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988).  "The district court's interpretation of its own order is properly accorded deference . . . when its interpretation is reasonable." *Cave v. Singletary*, 84 F.3d 1350, 1354–55 (11th Cir. 1996).

The District Court Order reads, in relevant part, "**The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory.**"  (ECF No. 47) (emphasis in original). The Order further warns that "[t]he Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order." (*Id.*).

Southern District of Florida Local Rule 16.2(e) further states that:

*Unless excused in writing by the Court*, all parties and required claims professionals (*e.g.*, insurance adjusters) must participate in the mediation conference with full authority to negotiate a settlement as follows:

(i)      if the mediation is being conducted by video-conference, participation requires connecting to and participating via video and audio in the mediation conference; and
(ii)     if the mediation is being conducted in person, participation requires attending the mediation conference in person (*i.e., in person if the party is a natural person, not through an agent*; or if the party is an entity, by the personal attendance of an entity representative). . . .

Failure to comply with the participation or settlement authority requirements may subject a party to sanctions by the Court.

S.D. Fla. L.R. 16.2(e) (emphasis added).

Mr. Lopez testified that he understood the District Court's Order as excusing Plaintiffs of having to participate personally in the mediation by permitting "each party *or representatives of*

10

*each party*" to attend mediation.  Because no corporate entities have appeared in this case, Plaintiffs argue that the only permissible reading of the District Court's Order is that Plaintiffs were also permitted to have representatives attend mediation and that they fully complied by sending Mr. Lubitz.

This reading however, and as acknowledged by Mr. Lopez at the hearing and Plaintiffs in their Response, directly contradicts Local Rule 16.2(e) requiring parties to appear in person if the party is a natural person and not through an agent.

As noted by Plaintiffs, Local Rule 16.2(e) permits a court to excuse parties in writing from the Local Rule's requirements.  However, Plaintiffs' argument that the District Court's Order waives this requirement is not supported by the Order's plain text.  The District Court's Order requires the physical presence of counsel and each party or representatives of each party. This language mirrors that of Local Rule 16.2(e) requiring an individual party to appear in person and a representative to appear in person for an entity.  Nothing in the plain language of the District Court's Order waives an individual party's requirement to attend mediation.  Without such language, the District Court Order did not excuse Plaintiffs of their responsibility to adhere to the Local Rules.

Moreover, the District Court's Order provides "pursuant to Rule 16 of the Federal Rule of Civil Procedure and Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Florida, it is hereby ORDERED AND ADJUDGED as follows . . . All parties are required to participate in mediation."  (ECF No. 47).  Any argument that the District Court's Order excuses the Plaintiffs' requirement of appearing in person ignores the Order's explicit directive to follow the Local Rules.  "The mediation order's language therefore does not modify Local Rule 16.2[(e)].  By definition, for something to be done 'pursuant to' a rule, it

must be done 'in carrying out' or 'in conformity with' that rule." *Binion v. O'Neal*, No. 15-60869-CIV, 2016 WL 614523, at *2 (S.D. Fla. Feb. 16, 2016), *vacated*, No. 15-60869-CIV, 2016 WL 3511940 (S.D. Fla. Mar. 18, 2016) (vacated pursuant to a joint motion from the parties upon settlement and having fully satisfied the obligations and requirements imposed by the order).

A litigant who is concerned with the possibility of violating a court order could move to clarify to ensure the proper understanding of the District Court's Order rather than risking the imposition of sanctions by solely sending an alleged representative. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993) ("Neither defendant asked Judge Edenfield to clarify the orders, as a genuinely confused litigant, twice-threatened with the sanction of a default judgment, would have done."). Or Plaintiffs could have simply notified Defendants, in the spirit of transparency and professionalism, that they were sending a representative based on their reading of the Order, and Defendants could have moved the Court for clarification in advance. Plaintiffs did neither, I find, not because they (by and through counsel) genuinely understood the District Court's Order as permitting appearance via representative, but rather, because they evaluated the likely consequences of non-compliance and took a calculated risk. It began with Plaintiffs' California attorney, Mr. Chapman, asking local counsel to find an option around appearance. Though local counsel knew it would be "unusual," to put it mildly, for an individual to be excused from personal appearance at mediation, Mr. Lopez says he told Mr. Chapman there was an option. And Plaintiff Puck's testimony confirms that the attorneys were looking for a work-around at his request: he testified, candidly I find, that the reason he did not go to mediation was that he was busy and Mr. Lubitz could go for him.

Plaintiffs' argument that the District Court Order waived their requirement to appear is not persuasive nor supported by the plain text of the District Court's Order.  The language of the District Court's Order was clear and unambiguous, and in conjunction with Local Rule 16.2(e), required Plaintiffs to appear personally for mediation.  Accordingly, I find Plaintiffs knowingly violated the District Court's Order and Local Rule 16.2(e) by failing to personally appear at the mediation.

### B.     Failure to Comply with Court Orders and the Local Rules

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  To dismiss a case under Rule 41(b), there must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  "[F]indings satisfying both prongs of [that] standard are essential before dismissal with prejudice is appropriate."  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (citing *Mingo v. Sugar Cane Growers Coop. of Fla.*, 864 F.2d 101, 102–03 (11th Cir. 1989)) (emphasis omitted).  When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  *Zocaras*, 465 F.3d at 483; *see also Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) (providing that "lesser sanctions would suffice in all but the most flagrant circumstances"); *Albright v. Bellsouth Advertising & Publ'g Corp.*, No. 1:06-cv-821-WSD, 2007 WL 2917567, at *3 (N.D. Ga. Oct. 5, 2007) (dismissal with prejudice of *pro se* plaintiff's case appropriate pursuant to Rule 41(b), among other reasons, where plaintiff failed to participate in discovery by not attending her deposition, preventing defendant from obtaining discovery, and disobeying a court order to

complete discovery and attend her deposition); *Reece v. Nelson*, No. 1:06-CV-107 (WLS), 2007 WL 2274880, at *2 (M.D. Ga. Aug. 7, 2007) (recommending dismissal with prejudice pursuant to Rule 41(b), where plaintiff failed to respond to motions to dismiss, engage in any discovery or otherwise pursue his claims, and was advised in a scheduling and discovery order "that he must diligently prosecute his complaint or face the possibility that it will be dismissed" under Rule 41(b)).

Mere negligence or confusion is not sufficient to justify a finding of willful misconduct substantiating dismissal. *See McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Neither is inadvertent or isolated mistakes. *Betty K*, 432 F.3d at 1339–40. "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999)).

In addition, Federal Rule of Civil Procedure 16(f) provides the Court with "the power to sanction an offending party and award reasonable expenses under certain circumstances." *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.*, 178 F.R.D. 588, 591 (M.D. Fla. 1997). Rule 16(f) states in relevant part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Rule 16(f) further states that "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

"In deciding whether a sanction is merited under Rule 16(f), the court need not find that the party acted in bad faith." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019), *report and recommendation adopted*, No. 19-CV-447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019) (quoting *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)) (alterations omitted); *Giovanno v. Fabec*, 804 F.3d 1361, 1366 n.5 (11th Cir. 2015). Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "And district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

### i.      Plaintiff Barbara Lazaroff

The Court begins with Rule 41(b), which authorizes sanctions for, among other things, failure to comply with any court orders. Plaintiff Lazaroff failed to appear personally at the court-ordered mediation on June 21, 2023, the Evidentiary Hearing held on July 13, 2023, and the Show Cause Hearing held on August 21, 2023.

In opposing Defendants' Motion for Sanctions, Plaintiff Lazaroff has provided no evidence to substantiate Plaintiffs' argument that she relied on counsel's advice in failing to personally appear at mediation. Her declaration explains her detachment from the current proceedings—she attests that she knows nothing about the transactions at issue and does not intend to testify at trial in this matter—but says nothing about the reason she failed to attend mediation. At each opportunity Plaintiff Lazaroff has been provided to explain her failure to appear, Plaintiff Lazaroff has not appeared. At the Evidentiary Hearing, Mr. Lopez tried to

provide this evidence for her: he testified that she relied on his advice in not attending mediation. But through additional testimony, it was later revealed that Mr. Lopez lacked competent knowledge about what advice Lazaroff in fact received as he, himself, had never personally spoken to her, nor was he privy to the conversations between Lazaroff and Chapman. Despite Mr. Lopez's efforts to surmise what occurred between Chapman and Lazaroff, his testimony on this point is not competent evidence of Lazaroff's knowledge of the District Court's Order to mediate or intent to comply therewith. At the Show Cause Hearing, attorney Chapman proffered that Plaintiff Lazaroff relied on his advice in not attending mediation. But Mr. Chapman chose not to testify[4] and did not offer to provide evidence to support the assertion that Plaintiff Lazaroff indeed relied on his advice in not appearing and, as such, this proffer is similarly unsubstantiated. On the evidence before me, I find that Lazaroff failed to personally appear for mediation, in violation of a court order, and her failure is unexplained.

Similarly, I find Lazaroff knew of her obligation to appear at the hearing on the Motion for Sanctions but failed to comply, and she has not evidenced an inability to have complied. Plaintiff Lazaroff first attested that she was unable to attend because she "resides in Los Angeles," and thus would be required to "fly across the country from Los Angeles for the hearing." (ECF No. 99 at 4). In connection with Plaintiffs' motion to reconsider, Plaintiff Lazaroff represented that she had scheduled a doctor's appointment many weeks ago for a serious medical issue and "[i]t was quite difficult to obtain an appointment with this doctor due to his schedule." (ECF No. 108-1 at ¶ 4). Her vague description of difficulty obtaining an appointment tells the Court nothing about her ability to reschedule it; namely, whether she even attempted to do so. I do not assume, in the absence of supporting evidence, that she made any attempt to reschedule the appointment and learned that she in fact could not.

---

[4] Mr. Chapman was asked at the hearing if he wished to testify. He declined.

Similarly, for the Show Cause Hearing, Lazaroff elected to schedule a vacation abroad, leaving her largely unavailable to attend *any* proceeding in this case into the Fall.  Her third and final disregard of a Court Order to appear was not even accompanied by a request to accommodate her appointment.  Though counsel argued that the Court's prior denials of such requests rendered it futile to ask for relief, one cannot complain about not getting what one does not ask for.  The undersigned does not assume, in the hypothetical, that a motion setting forth good cause would have been denied.[5]

Plaintiff Lazaroff's conduct demonstrates a flagrant disregard for this Court's authority and for her own case.  Plaintiff's "complete and consistent absence from this case cannot be attributed to mere negligence, misunderstanding, or inability to comply.  Rather, [Plaintiff's] actions are deemed willful." *Everything Divine Inc. v. O'Quinn*, No. 6:12-CV-1722-ORL-37, 2014 WL 3593691, at *2 (M.D. Fla. July 18, 2014).  The Court finds that Plaintiff Lazaroff's disobedience of this Court's Orders demonstrates a clear record of willful conduct, as she had full notice of the Orders and has failed to provide any substantiated explanation for her failure to comply.  Each "justification" proffered did not demonstrate an inability to attend, but rather Plaintiff Lazaroff's willful and deliberate choice to not appear because of inconvenience or otherwise.  Plaintiff Lazaroff's "unwillingness to follow this Court's orders has wasted the time of both the Court and Defendants." *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011).

Here, lesser sanctions would not be adequate as Plaintiff Lazaroff has ignored every

---

[5] It bears repeating here that the first (expedited) motion to continue specifically sought a decision by date certain so that Plaintiffs would have "sufficient time to determine how best to proceed."  Whether inadvertent or a miscommunication, this request signaled to the undersigned that in-person appearance by Plaintiffs was feasible <u>so long as</u> they obtained clear direction by the date specified.  And although the motion for reconsideration more carefully explained the conflicts Plaintiffs had with the hearing date, it was advanced entirely too late—essentially one business day before the hearing—to cancel the hearing, which had been set weeks before on facts known to the Plaintiffs for weeks.

Court Order requiring her attendance in this action. The Court reminded Plaintiffs' counsel at the Evidentiary Hearing of the Court's inherent authority to issue a bench warrant to ensure Plaintiffs' appearances, but to no avail. "Permitting such behavior enables litigants to 'flout' the [court's orders] and needlessly delay the case." *Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 676 (11th Cir. 2006). The Court has given Plaintiff Lazaroff several opportunities to remedy past failures to comply by giving her the opportunity to be heard at both the Evidentiary Hearing and the Show Cause Hearing, but Plaintiff Lazaroff has functionally abandoned this suit and rather than simply seeking a dismissal, has repeatedly—and with counsel's blessing—disobeyed the Court. *See Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, No. 96 CIV. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) ("A court need not beg a party to comply with its orders."); *Vilsant v. Saxon Mortg. Servs., Inc.*, No. 08-61148-CIV, 2009 WL 413724, at *4 (S.D. Fla. Feb. 18, 2009) ("Plaintiffs' lack of response to the Order to Show Cause is telling, as it shows that no civil remedy that this Court can now envision would achieve compliance at this point.").

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837, 839 (11th Cir. 1989) (affirming dismissal with prejudice when a *pro se* plaintiff's "conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders. The district court was not required to select a sanction other than dismissal; under other sanctions, defendants would be forced to bear the costs for plaintiff's (as an IFP, his lawsuit was already being subsidized) misconduct."). The District Court's Order warned that "[t]he Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority

requirements herein, or who otherwise violate the terms of this Order."  (ECF No. 47).  Local Rule 16.2(e) states that failure to comply with the participation requirements may subject a party to sanctions by the Court.  S.D. Fla. L.R. 16.2(e).  The undersigned in setting the Show Cause Hearing warned that failure to appear "shall result in sanctions, including, but not limited to, dismissal of Plaintiffs' claims with prejudice."  (ECF No. 114).  Plaintiff Lazaroff received ample notice of the imposition of sanctions for failure to adhere to the Court's Orders and yet did not heed the Court's warning.

"A without-prejudiced dismissal would be inadequate to ameliorate the substantial prejudice that [Defendants have] already sustained.  Given Plaintiff's pattern of violating court orders, a with-prejudice dismissal is amply warranted."  *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1325 (S.D. Fla. 2019).

In addition, dismissal of Plaintiff Lazaroff's claim with prejudice for failure to adhere to the District Court's Order setting mediation, the Order setting the Evidentiary Hearing, and the Order setting the Show Cause Hearing is also merited under Rule 16(f).  *See Everything Divine Inc.*, 2014 WL 3593691, at *2 (finding dismissal warranted under Rule 16(f) and 41(b)); *Martins*, 429 F. Supp. 3d at 1323 ("The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f).").  Rule 16(f) permits the Court to sanction parties that fail to obey a scheduling or other pretrial orders.  A review of Plaintiff's conduct "in this case reveals an utter lack of effort by Plaintiff to prosecute this case."  *Farris v. United Hoist Equip., Inc.*, No. 8:07-CV-2156-T-23EAJ, 2008 WL 5381902, at *1 (M.D. Fla. Dec. 23, 2008).  Plaintiff's conduct reflects a refusal to adhere to the court's pretrial orders and, as such, sanctions are warranted under Rule 16(f).

Under Federal Rule of Civil Procedure 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Plaintiff Lazaroff has elected not to appear and offer any justification, and I do not credit her vague assertion that she relied on counsel's advice that she need not appear for mediation. Accordingly, the undersigned recommends that Plaintiff Lazaroff be required to pay Defendants' reasonable expenses in traveling to the mediation, attending the mediation, in preparing their Motion for Sanctions, and in appearing and preparing for the Evidentiary hearing.

### ii. Plaintiff Wolfgang Puck

Plaintiff Puck violated the District Court's Order to attend mediation and the undersigned's Order to attend the Evidentiary Hearing. However, Puck did appear as ordered and did testify at the Show Cause Hearing. His compliance with this Court's Order to Show Cause and willingness to cure warrants a different result. I recommend that Plaintiff Puck bear the costs his violations caused Defendants to incur and personally appear at mediation,[6] but will not recommend dismissal of his claims.

In failing to attend mediation, Plaintiff Wolfgang Puck initially testified that he did so based on the advice of counsel. After continuously repeating this statement, Puck later testified that he did not attend the mediation because he was busy, and instead had Mr. Lubitz attend because he offered. The undersigned credits Puck's testimony in this regard, in part because it is an admission of sorts and because it was the first time Puck deviated from what appeared to be

---

[6] The undersigned notes that the Parties filed a Notice of Scheduling Mediation that represents mediation is occurring November 7, 2023. (ECF No. 136).

well-rehearsed statements. Accordingly, I find that Puck knew about the court-ordered mediation, including the requirement that he attend, but that he opted to send Mr. Lubitz because he was busy. Though I also accept his attorneys' proffer that they counseled and approved of his decision to skip mediation, and have crafted an argument that the mediation order could be interpreted as permitting Puck to send a representative, as I noted above, I do not credit the implication that it was the attorneys who advanced this interpretation in a vacuum; rather, this was a means to an end.

Similarly, I find Puck could have appeared at the Evidentiary Hearing, but knowingly chose not to. I disregard his self-serving denial that he did not know about the Evidentiary Hearing and instead credit his explanation that he did not think he needed to attend because he had not needed to attend the mediation. Of course, that he knew about the Evidentiary Hearing is further corroborated by the fact that he submitted a declaration attesting to his conflicts preventing him from attending that same hearing. (ECF Nos. 99-1, 101-1). Puck, moreover, testified at the Show Cause Hearing that he has the ability to set the date of his appearance under the Restaurant Licensing and Consulting Agreement and he could have rescheduled the conflicting appearance, just "not easily." Puck did not testify to any attempt to change the dates and the undersigned does not assume that he considered any effort to relieve himself of the conflict. Puck's testimony at the Show Cause Hearing demonstrates that Puck had the ability to attend both the mediation and the Evidentiary Hearing set in this case, but decided not to.

Puck's failure to attend the mediation because he was busy demonstrates blatant disregard of this Court's Orders. "If parties are permitted to decide not to attend mediation despite Court order otherwise, a court's mediation order would be rendered meaningless." *Spikes v. Schumacher Auto Grp., Inc.*, No. 21-81223-CIV, 2022 WL 17601552, at *3 (S.D. Fla.

Dec. 13, 2022).  Puck's failure to attend the Evidentiary Hearing additionally demonstrates a willful choice not to appear because his testimony revealed that he could have in fact attended if he had so desired.

However bad the conduct has been, his contempt was cured by his (eventual) compliance with the Court's Orders and appearance at the Show Cause Hearing.  While appearance is the bare minimum, Puck's appearance reflects that a lesser sanction than dismissal with prejudice is warranted as he has shown a willingness to comply with court orders.  And the Eleventh Circuit has "a strong preference for deciding cases on the merits . . . whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).  Accordingly, the undersigned recommends that Puck be ordered to attend mediation in-person and that Puck be required to cover costs incurred in conducting the second mediation.

Puck should additionally be required to reimburse Defendants for the time incurred because of his failures to adhere to Court Orders.  Under Federal Rule of Civil Procedure 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).  Plaintiff Puck's failure to comply with the Court's Order requiring mediation and the Court's Order to appear at the Evidentiary Hearing was not substantially justified.  Accordingly, the undersigned recommends that Plaintiff Puck be required to pay Defendants' reasonable expenses in traveling to the mediation, attending the mediation, preparing their Motion for Sanctions, and appearing and preparing for the Evidentiary Hearing and the Show Cause Hearing.

### C.       Fees Incurred by Defendants

Following the Show Cause Hearing, I solicited from Defendants a description of the fees and costs incurred in this matter.  I ordered Defendants to disclose to Plaintiffs first what fees and costs they have incurred and afforded Plaintiffs the opportunity to articulate the objections they had.  The result of the Parties' conferral was submitted to my chambers via email in the format of spreadsheets, which describe the time incurred and Plaintiffs' objections thereto, if any.  The Parties' conferral over this particular aspect of the dispute has been obviously meaningful and the undersigned will largely defer to the agreements reached.

Defendant Mariam Silverman disclosed 7.6 hours of time incurred related to the failed mediation, totaling $3,800.00 in attorney fees; and 24.9 hours incurred of time in attorney and paralegal fees related to the Motion for Sanctions, including the hearings conducted, and for the Order to Show Cause proceedings, totaling $9,860.00 in fees.  Plaintiffs advance few objections to this time, but note some apparently duplicative time incurred among the members of the defense team.  Plaintiffs propose that the fees to which Miriam Silverman may be awarded are $3,550.00 for time related to the failed mediation, and $7,900.00 for time related to the sanctions proceedings.

Counsel for Defendant Sydney Silverman has incurred 7.3 hours of time for the mediation, totaling $4,599.00; and 17.9 hours of time for the sanctions proceedings, totaling $11,277.00.  Again, the notations to the spreadsheet provided to my chambers reveals few but thoughtful objections to particular time entries.  Plaintiffs propose that the fees Sydney Silverman may be awarded are $4,536.00 relating to the failed mediation and $9,891.00 relating to the sanctions proceedings.

I have reviewed the time entries and, mindful that the role of awarding fees incurred as a result of the Plaintiffs' violations of court orders is to cure the prejudice to Defendants, but without another collateral litigation in this matter, will recommend that the Court award the amounts to which Plaintiffs have not advanced a specific objection.  The Parties have clearly engaged each other cooperatively to reach this result, which of course was the whole spirit of the mediation order in the first place.  Accordingly, I recommend that the Court order Plaintiffs to pay Mariam Silverman's fees in the total amount of $11,450.00; and Sydney Silverman's fees in the total amount of $14,427.00.

Defendants additionally submitted their expenses for the mediation Plaintiffs failed to attend, which reflect that the fee for mediation was $900.00.  Defendants' submitted expenses reveal that the price of the mediation was divided among the Parties in that Defendants Sydney and Mariam Silverman paid $600.00 and Plaintiffs paid $300.00.  Plaintiffs object to these fees on the basis that this expense is outside the scope of the Court's directive on submitting fees to award sanctions.  However, these fees are exactly within the scope of the Court's directive as the Court must order Plaintiffs "to pay the reasonable expenses . . . incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f).  Because Plaintiffs failed to attend the mediation and Plaintiffs' noncompliance was not justified, the undersigned recommends that the Court order Plaintiffs to pay Defendants' portion of the mediation expense in the amount of $600.00.

## III.    RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendants' Joint Motion for Sanctions for Fees and Costs and Dismissal of Claims Due to Named Plaintiffs'

(1) Failure to Comply with Order of Referral to Mediation, (2) Violation of Federal Rule of Civil Procedure 16 and (3) Local Rule 16.2 and/or, Alternatively Motion to Compel Mediation (ECF No. 90) be **GRANTED, in part**, and that Plaintiff Barbara Lazaroff's claims be dismissed with prejudice.  The undersigned **RECOMMENDS** that Plaintiffs Wolfgang Puck and Barbara Lazaroff be held joint and severally liable in the amount of $11,750.00 for Mariam Silverman's fees and expenses and $14,727.00 for Sydney Silverman's fees and expenses incurred by Defendants as a result of Plaintiffs' violations of the Court's Orders.  The undersigned further **RECOMMENDS** that Plaintiff Wolfgang Puck be ordered to attend in-person mediation and to cover costs incurred in conducting this second mediation.[7]

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 7th day of November, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
        Counsel of Record

---

[7]  While the undersigned recommended the District Court conduct contempt proceedings for Plaintiff Barbara Lazaroff, the undersigned does not recommend such proceedings for Plaintiff Wolfgang Puck because of his appearance, while overdue, at the Show Cause Hearing.