UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24078-KMM

WOLFGANG PUCK and BARBARA
LAZAROFF,

    Plaintiffs,

v.

SYDNEY SILVERMAN, *et al.*,

    Defendants.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendants Mariam Silverman and Sydney Silverman's Joint Motion for Sanctions for Fees and Costs and Dismissal of Claims Due to Named Plaintiffs' (1) Failure to Comply with Order of Referral to Mediation, (2) Violation of FRCP 16 and (3) SD LR 16.2 and/or, Alternatively Motion to Compel Mediation. ("Mot.") (ECF No. 90). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and issue a Report and Recommendation. (ECF No. 92). Magistrate Judge Louis held an Evidentiary Hearing on Defendants' Motion on July 13, 2023, and a Show Cause Hearing on August 21, 2023 after Plaintiffs Wolfgang Puck and Barbara Lazaroff failed to attend the Evidentiary Hearing. (ECF Nos. 110, 118). On November 7, 2023, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 137), recommending that the Motion be GRANTED IN PART. Plaintiffs filed timely Objections. ("Obj.") (ECF No. 142). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

## I. BACKGROUND

On December 15, 2022, Plaintiffs initiated this suit alleging that Defendants fraudulently transferred funds and concealed assets to avoid satisfying a California final judgment. (ECF No. 1). On March 20, 2023, the Court entered a Paperless Order of Referral to Mediation (the "Mediation Order") requiring the Parties to complete court-ordered mediation by September 1, 2023. (ECF No. 47). The Mediation Order states, in relevant part, that:

> [P]ursuant to Rule 16 of the Federal Rule of Civil Procedure and Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Florida . . . All parties are required to participate in mediation. . . . **The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory**. . . . The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order.

*Id.* (emphasis in original).

The Parties' mediation was scheduled for June 21, 2023 in Miami, Florida, with Karen Evans-Putney serving as mediator. (ECF No. 68). Although Defendants Sydney Silverman and Mariam Silverman personally appeared at the mediation, Plaintiffs Wolfgang Puck and Barbara Lazaroff did not. (ECF No. 91). Instead, Plaintiffs sent Michael Lubitz, the CFO of Wolfgang Puck Worldwide, Inc. ("WPW") to attend the mediation on their behalf. Obj. at 5. WPW is not a party in this case. However, Plaintiffs assert that Mr. Lubitz had "full authority to enter in a full and complete compromise and settlement" in this case. *Id.* The mediation did not go forward, and Defendants promptly filed the instant Motion for Sanctions. (ECF No. 90).

On June 26, 2023, Magistrate Judge Louis entered an Order setting an Evidentiary Hearing on Defendant's Motion for July 13, 2023. (ECF No. 97). The Order stated that "Plaintiffs shall appear in person with counsel at the Evidentiary Hearing and shall be prepared to give testimony if appropriate." *Id.* On July 3, 2023, Plaintiffs filed an expedited motion seeking relief from the

2

requirement that Plaintiffs appear in person at the Evidentiary Hearing. (ECF No. 99). Therein, Plaintiffs stated that the Order was "unfortunately impractical and unreasonable" because Plaintiff Puck was out of the country on a pre-planned business trip and "Ms. Lazaroff would be required to fly across the country from Los Angeles for the hearing." *Id.* at 4. Plaintiffs requested a ruling by July 10, 2023 so they would have "sufficient time to determine how to best proceed." *Id.* at 1. Plaintiffs' counsel, Jared Lopez, also attached a declaration to the motion in which he stated that he read the Mediation Order to mean a representative of a party attending the mediation was sufficient to comply with the Order. *See* (ECF No. 99-4). He further stated that, "[a]s a result of my reading, I advised Mr. Wolfgang Puck and Ms. Barbara Lazaroff that they could attend the mediation in person, or they could send a representative with full settlement authority." *Id.* at 2. Magistrate Judge Louis denied Plaintiff's motion on July 5, 2023. (ECF No. 100). On July 11, 2023, Plaintiffs renewed their motion to reschedule the Evidentiary Hearing or appear virtually, which Magistrate Judge Louis again denied. (ECF Nos. 108, 109).

Magistrate Judge Louis held the Evidentiary Hearing on July 13, 2023. Plaintiffs Puck and Lazaroff did not appear. *See* (ECF No. 110). At the hearing, Mr. Lopez testified that he interpreted the language of the Court's Mediation Order to allow for a party representative to appear at the mediation on behalf of the Parties. *See* (ECF No. 123). He further testified that Plaintiffs did not appear at the mediation based on his advice. *Id.* However, Mr. Lopez later clarified that he had never personally spoken to Plaintiffs. *Id.* Instead, Mr. Lopez stated that he had only spoken with Robert Chapman, Plaintiffs' counsel in California, who had not appeared in this case. *Id.*

On July 28, 2023, Magistrate Judge Louis ordered Plaintiffs to show cause why sanctions should not be entered against them, including, but not limited to, dismissal of this case with prejudice for their failure to appear at the Evidentiary Hearing as commanded. (ECF No. 114).

3

Magistrate Judge Louis set a Show Cause Hearing for August 21, 2023. *Id.* On August 17, 2023, four days before the Show Cause Hearing, Plaintiff Lazaroff filed a declaration stating that she would not be able to attend the hearing because she was in Europe for her 70th birthday. (ECF No. 117). On August 21, 2023, Plaintiff Puck appeared and testified at the Show Cause Hearing. *See* (ECF Nos. 118, 120). Plaintiff Lazaroff again failed to appear. *Id.* On November 7, 2023, Magistrate Judge Louis issued her R&R on Defendants' Motion for Sanctions. (ECF No. 119).

## II.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.  DISCUSSION

As set forth in the R&R, Magistrate Judge Louis recommends that Defendants' Motion for Sanctions be granted in part.  *See* R&R at 24–25.  Specifically, Magistrate Judge Louis recommends that:  (1) Plaintiff Barbara Lazaroff's claims be dismissed with prejudice; (2) Plaintiffs Wolfgang Puck and Barbara Lazaroff be held joint and severally liable in the amount of $11,750.00 for Defendant Mariam Silverman's fees and expenses and $14,727.00 for Defendant Sydney Silverman's fees and expenses incurred by Defendants as a result of Plaintiffs' violations of the Court's Orders; and (3) Plaintiff Wolfgang Puck be ordered to attend in-person mediation and to cover costs incurred in conducting this second mediation.  *Id.*  In their Objections, Plaintiffs argue that sanctions are not warranted in this case because Plaintiffs did not violate the Mediation Order.  Obj. at 13–18.  Plaintiffs further object to the sanctions recommended in the R&R.  *Id.* at 18–28.  The Court addresses Plaintiffs' arguments in turn.

### A. The Court's Mediation Order

In the R&R, Magistrate Judge Louis finds that Plaintiffs knowingly violated this Court's Mediation Order and Local Rule 16.2(e) by failing to personally appear at the mediation.  R&R at 10–13.  Plaintiffs object to Magistrate Judge Louis's finding that Plaintiffs violated the Court's

5

Mediation Order for two main reasons. *See* Obj. at 13–18. First, Plaintiffs argue that "the Mediation Order did not unambiguously require [Plaintiffs'] personal appearance at the mediation." *Id.* at 13. Second, Plaintiffs argue that the Mediation Order was not violated because Plaintiffs "did personally appear and participate in a mediation in Miami, within the dates set by the District Court." *Id.*

As an initial matter, Plaintiffs' arguments regarding the text of the Mediation Order and their excuses for failing to appear at the mediation were raised in Plaintiffs' Response to Defendants' Motion for Sanctions, as well as by Plaintiffs' counsel at the July 13, 2023 and August 21, 2023 hearings. *See* (ECF Nos. 101, 120, 123). Indeed, Magistrate Judge Louis addresses Plaintiffs' factual and legal arguments in great detail in the R&R. *See* R&R at 10–13. As such, Plaintiffs' objections are improper because they merely reframe arguments already made and considered by Magistrate Judge Louis, or simply disagree with the R&R's conclusions. *See Melillo*, 2018 WL 4258355, at *1.

Nevertheless, upon independent review, the Court agrees with Magistrate Judge Louis that Plaintiffs violated the Mediation Order and Local Rule 16.2(e) by failing to personally appear at the mediation. First, the Court agrees that the Mediation Order was "clear and unambiguous" in its requirement that Plaintiffs had to personally appear at the mediation. R&R at 13; Obj. at 13. The Court further agrees that Plaintiffs' argument that the Mediation Order waived this requirement is "not supported by the Order's plain text," "directly contradicts Local Rule 16.2(e)," and "ignores the Order's explicit directive to follow the Local Rules." R&R at 11; Obj. at 14–15.

As noted above, the Court's Mediation Order expressly states that "[a]ll parties are required to participate in mediation" and "[t]he physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and

6

settlement is mandatory." (ECF No. 47). The Mediation Order further warns that "[t]he Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order." *Id.* Moreover, the Mediation Order begins with the language "pursuant to Rule 16 of the Federal Rule of Civil Procedure and Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Florida." *Id.*

Despite Plaintiffs' arguments to the contrary, the Mediation Order clearly required Plaintiffs' personal attendance at mediation, and nothing in the plain language of the Mediation Order waives that requirement. *See Pinero v. Corp. Cts. at Miami Lakes*, 389 F. App'x 886, 888 (11th Cir. 2010) (finding that language in scheduling order providing that "[e]ach side shall have a party representative present with full authority to negotiate and finalize any settlement agreement reached" did not negate earlier sentence that required "all parties" to attend). Indeed, Plaintiffs' counsel, Mr. Lopez, acknowledged at the Evidentiary Hearing that it would be "unusual" for an individual to be excused from personal appearance at mediation. (ECF No. 123) at 22. Further, any possible ambiguity in the Mediation Order is clarified by Local Rule 16.2(e), which is explicitly referenced in the Order, and states:

> *Unless excused in writing by the Court, all parties* and required claims professionals (e.g., insurance adjusters) *must participate in the mediation conference* with full authority to negotiate a settlement as follows . . . if the mediation is being conducted in person, *participation requires attending the mediation conference in person* (*i.e.*, *in person if the party is a natural person*, not through an agent; or if the party is an entity, by the personal attendance of an entity representative). . . . Failure to comply with the participation or settlement authority requirements may subject a party to sanctions by the Court.

S.D. Fla. L.R. 16.2(e) (emphasis added). Given the clear and unambiguous language of the Mediation Order, the Court finds Plaintiffs' arguments that the Order somehow excused Plaintiffs from personally appearing at the mediation entirely unpersuasive. Accordingly, the Court agrees

7

with Magistrate Judge Louis that Plaintiffs violated the Mediation Order and Local Rule 16.2(e) by failing to personally appear at the mediation.

Plaintiffs' second argument—that they did not violate the Mediation Order because they later attended mediation—is similarly unpersuasive. *See* Obj. at 18–20. First, the Court finds that this is not a proper objection to the R&R because it was never raised before Magistrate Judge Louis and thus the R&R does not speak to this issue. More to the point, however, it is undisputed that Plaintiff failed to personally appear at the first mediation on June 21, 2023 as was required. Both the Court's Mediation Order and Local Rule 16.2(e) state that a party's failure to comply with the participation or settlement authority requirements may subject a party to sanctions. *See* (ECF No. 47); S.D. Fla. L.R. 16.2(e). The fact that Plaintiffs subsequently attended a second mediation has no bearing on the question of whether Plaintiffs should be sanctioned for their failure to appear at the first mediation. This is especially true given that the second mediation did not take place until November 7, 2023, more than two months after the original mediation deadline. Accordingly, the Court overrules Plaintiffs' objections and finds that Plaintiffs are subject to sanctions for their failure to appear at the original mediation as was required by this Court's Mediation Order and the Local Rules.

**B.     Sanctions**

Having concluded that Plaintiffs violated the Mediation Order by failing to personally appear at the mediation, the Court now turns to Plaintiffs' objections to the sanctions recommended in the R&R. Specifically, Plaintiffs object to: (1) dismissing Plaintiff Lazaroff's claims with prejudice; (2) holding Plaintiffs jointly and severally liable in the amount of $11,750.00 for Defendant Mariam Silverman's fees and $14,727.00 for Defendant Sydney Silverman's fees; and

(3) ordering Plaintiff Puck to cover the costs incurred in conducting the second mediation. *See* Obj. at 18.

### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted). Similarly, Federal Rule of Civil Procedure 16(f) states that the Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 16(f) further provides that "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.*

### 2. Plaintiff Barbara Lazaroff

Magistrate Judge Louis recommends that Plaintiff Barbara Lazaroff's claims be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). R&R at 15–20. In reaching this conclusion, Magistrate Judge Louis makes the following findings: (1) "Lazaroff failed to personally appear for mediation, in violation of a court order, and her failure is unexplained," *id.* at 16; (2) "Lazaroff knew of her obligation to appear at the hearing on the Motion for Sanctions but failed to comply, and she has not evidenced an inability to have complied," *id.*; (3) "Lazaroff's disobedience of this Court's Orders demonstrates a clear record of willful conduct, as she had full notice of the Orders and has failed to provide any substantiated explanation for her failure to comply," *id.* at 17; and (4) "lesser sanctions would not be adequate as Plaintiff Lazaroff has ignored every Court Order requiring her attendance in this action," *id.* at 17–18. Plaintiffs raise several objections to Magistrate Judge Louis's findings and recommendation that Plaintiff Lazaroff's claims be dismissed with prejudice. *See* Obj. at 20–26. However, the Court finds Plaintiffs' arguments unpersuasive.

First, Plaintiffs object to the finding that Plaintiff Lazaroff "has provided no evidence to substantiate Plaintiffs' argument that she relied on counsel's advice in failing to personally appear at mediation." Obj. at 21; R&R at 15. Upon a review of the record, this Court agrees that Plaintiffs have failed to provide any such evidence. The declaration submitted by Plaintiff Lazaroff makes no mention of why she chose not to attend the mediation, much less that she did so based on advice of counsel. *See* (ECF No. 99-2). Moreover, while Mr. Lopez initially indicated that he told Lazaroff that she did not need to attend the mediation based on his interpretation of the Mediation Order, *see* (ECF No. 101-4), Mr. Lopez later testified that he in fact had never spoken directly to either Plaintiff, *see* (ECF No. 123) at 36. Lazaroff had multiple opportunities to appear in court

10

and explain why she did not appear at the mediation. However, she failed to appear at both the Evidentiary Hearing and the Show Cause Hearing. As such, she has failed to offer any evidence to support her claim that she did not appear at the mediation based on advice of counsel.

Second, the Court agrees that Plaintiff Lazaroff's failure to comply with multiple court orders requiring her appearance at the mediation, the Evidentiary Hearing, and the Show Cause Hearing "demonstrates a clear record of willful conduct." R&R at 17. The Court also agrees with Magistrate Judge Louis that lesser sanctions would not be adequate in this case. *See id.* The record makes clear that Lazaroff had full notice of each of the Court's Orders, yet willfully and deliberately chose not to comply. Further, Plaintiff Lazaroff has failed to demonstrate that she was unable to comply with the Orders, or that her noncompliance was attributable to confusion or "simple negligence." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Given Plaintiff Lazaroff's egregious conduct in this case, the Court agrees fully with Magistrate Judge Louis's recommendation that Lazaroff's claims be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f).

### 3. Plaintiff Wolfgang Puck

With respect to Plaintiff Wolfgang Puck, Magistrate Judge Louis concludes that dismissal of his claims is not warranted because Plaintiff Puck attended the Show Cause Hearing and has demonstrated a willingness to comply with the Court's orders. *See* R&R at 20–22. However, Magistrate Judge Louis recommends that Puck be required to cover the costs incurred by Defendants as a result of his failure to attend the mediation and the Evidentiary Hearing. *Id.* Magistrate Judge Louis reaches this recommendation based on her findings that "Puck knew about the court-ordered mediation, including the requirement that he attend, but that he opted to send

Mr. Lubitz because he was busy," and that he "could have appeared at the Evidentiary Hearing, but knowingly chose not to." *Id.* at 21.

Plaintiffs object to the sanctions recommended against Plaintiff Puck and argue that sanctions are not warranted because Puck testified at the Show Cause Hearing that he did not attend the mediation based on advice of counsel and that he was unable to attend the Evidentiary hearing due to an immovable scheduling conflict. *See* Obj. at 26–28. In the R&R, Magistrate Judge Louis notes that Puck initially testified that he did not attend the mediation based on the advice of counsel. *See* R&R at 20. However, Puck later testified that he did not attend the mediation because he was busy, and instead had Mr. Lubitz attend because he offered. *See* (ECF No. 120) at 23. Plaintiff Puck also testified that he could have resolved the scheduling conflict on the date of the Evidentiary Hearing, just "[n]ot easily." *Id.* at 12. In the R&R, Magistrate Judge Louis gives substantial weight to Puck's testimony that he did not appear at the mediation because he "was busy." R&R at 21. Plaintiffs object that "[t]he R&R effectively discredits nearly all of Puck's testimony at the show cause hearing." Obj. at 27.

With respect to a magistrate judge's credibility findings, "a district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" *Id.* (quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)). Here, the Court finds no reason to question Magistrate Judge Louis's credibility findings with respect to Plaintiff Puck's testimony. Having reviewed Plaintiffs' objections and the transcripts for both hearings, the Court

12

concludes that Magistrate Judge Louis's findings are supported by the record and accurately reflect the testimony given by Plaintiff Puck and other witnesses. *See* (ECF Nos. 120, 123). Accordingly, Plaintiffs' objections with respect to the sanctions recommended against Plaintiff Puck are overruled.

Finally, after careful review, the Court agrees with Magistrate Judge Louis's recommendation that Plaintiffs Puck and Lazaroff be held joint and severally liable in the amount of $11,750.00 for Mariam Silverman's fees and expenses and $14,727.00 for Sydney Silverman's fees and expenses incurred by Defendants as a result of Plaintiffs' violations of the Court's Orders. R&R at 25. However, because Plaintiffs have already attended in a second in-person mediation, *see* (ECF No. 138), the Court will not require Plaintiff Puck to participate in a third. Instead, Plaintiffs Puck and Lazaroff will be required to cover the fees and expenses incurred by Defendants as a result of the second mediation.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 137) is ADOPTED. Defendants' Motion for Sanctions (ECF No. 90) is GRANTED IN PART as follows:

1. Plaintiff Barbara Lazaroff's claims are DISMISSED WITH PREJUDICE.

2. Plaintiffs Wolfgang Puck and Barbara Lazaroff are joint and severally liable in the amount of $11,750.00 for Mariam Silverman's fees and expenses and $14,727.00 for Sydney Silverman's fees and expenses incurred by Defendants as a result of Plaintiffs' violations of the Court's Orders.

3. Plaintiffs Wolfgang Puck and Barbara Lazaroff are joint and severally liable for fees and expenses incurred by Defendants as a result of the second mediation.

DONE AND ORDERED in Chambers at Miami, Florida, this __29th__ day of March, 2024.

_K. M. Moore_
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record